UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIA PERRONE,

    Plaintiff,

v.

FORD MOTOR COMPANY-UAW
RETIREMENT BOARD OF
ADMINISTRATION,

    Defendant.
_____/

Case No. 21-11647
Honorable Victoria A. Roberts

### ORDER DENYING PLAINTIFF'S PROCEDURAL CHALLENGE TO ADMINISTRATIVE RECORD AND REQUEST FOR LIMITED DISCOVERY [ECF No. 15]

**I.   INTRODUCTION**

Plaintiff Antonia Perrone brings this suit under ERISA § 502(a)(1)(B) for surviving spouse benefits. Defendant Ford Motor Company-UAW Retirement Board of Administration (the "Board") denied Plaintiff's claim for benefits and her appeal.

Before the Court is Plaintiff's Procedural Challenge to the Administrative Record and Request for Limited Discovery. [ECF No. 15].

The Court **DENIES** Plaintiff's Procedural Challenge.

## II.  BACKGROUND

As a member of the Ford Motor Company-UAW Retirement Plan (the "Plan"), Antonio Perrone elected survivor's benefits that would provide Plaintiff Antonia Perrone with monthly pension payments if he predeceased her.  This election form instructed that the benefit could be "changed or cancelled" if the Perrones "bec[a]me divorced and a Qualified Domestic Relations Order ["QDRO" did] not prohibit cancellation of the surviving spouse coverage." [ECF No. 15-1, PageID.95].

The Perrones were married when Antonio Perrone made this election. Antonia was still married to Antonio Perrone when he retired from Ford in February 2004. However, they divorced in 2006.

The Judgment of Divorce executed by Plaintiff and Mr. Perrone – and entered by the Michigan State Circuit Court on March 28, 2006 ("Judgment of Divorce") – provides that:

> Plaintiff [Antonia] shall retain free and clear of any claims of Defendant [Antonio] [to] her pensions, disability payments and retirement payments from General Motors and/or the Canadian Government. **Defendant [Antonio] shall retain free and clear of any claims Plaintiff [Antonia] [has to] his pensions, retirement accounts and SSIP/401(k) plan with his former employer Ford Motor Company free and clear of any claims of the Plaintiff [Antonia]**.

[ECF No. 15-1 at PageID.111-12 (emphasis added)].  In a section titled "Pension and Retirement Benefits," the Judgment of Divorce also provides

2

that "all rights of the parties in and to any pension, annuity, retirement benefits, accumulated contributions in any pensions, annuity or retirement system and any rights or contingent rights in and to unvested pension or retirement benefits of the other are hereby terminated." [*Id.*, PageID.114].

In June 2006, Mr. Perrone provided the Board with the Judgment of Divorce and a marriage license for him and his new spouse, Maria Spaccarotella. [ECF No. 15-1, PageID.92]. The Board sent the divorce judgment to Ford's QDRO team, which: (1) opined that for its purposes the Judgment of Divorce did not "specifically state" whether Plaintiff gave up the right to surviving spouse benefits; and (2) requested that a waiver form seeking Plaintiff's consent to cancel the benefits be sent to Mr. Perrone. [*Id.*]. In December 2006, Mr. Perrone requested that the Board send another copy of the form. [*Id.*]. The form had not yet been returned in May 2007, and the Board advised Mr. Perrone's union benefits representative – who called the Board on behalf of Mr. Perrone – that the form needed to be signed and returned. [*Id.*].

Ford received a completed "Cancellation of Surviving Spouse Benefits" form with both Perrones' signatures in August 2007. [ECF No. 15-1, PageID.101]. The Board then recalculated Mr. Perrone's pension

benefit as a single-life annuity, reflecting the removal of Plaintiff's entitlement to survivor benefits. [*Id.*, PageID.92].

Mr. Perrone died in December 2018.

Plaintiff's daughter contacted the Board to inquire about Plaintiff's entitlement to survivor benefits. The Board representative advised her that Plaintiff was not entitled to benefits because of the signed Cancellation of Surviving Spouse Benefits form. [ECF No. 15-1, PageID.92-93]. Following additional communications, the Board provided Plaintiff with a copy of the cancellation form.

In June 2020, Plaintiff submitted a claim "against the pension benefit." [ECF No. 15-1, PageID.103]. She said she did not sign the Cancellation of Surviving Spouse Benefits form and that the form was not notarized as the Plan required. [*Id.*].

The Board issued a letter denying Plaintiff's claim on July 2, 2020. It stated:

> Your initial claim to the Survivor's Benefits has been denied by the Plan Administrator based on the terms of the Plan. Pursuant to the Plan, . . . Article IV, Section 7, Survivor's Benefits, **in accordance with the** terms of the Ford-UAW Retirement Plan and **judgment of divorce**, the ex-spouse, **Antonia Rosa Perrone had consented to cancellation of the survivorship coverage**.

[ECF No. 15-1, PageID.99 (emphasis added)]. The claim denial letter did not reference or rely upon the separate cancellation form.

Plaintiff appealed the claim denial. [ECF No. 15-1, PageID.96-97]. In her appeal letter, Plaintiff again stated that she did not sign the cancellation form and argued that it "is not notarized and is invalid." [*Id.*]. Plaintiff did not address the language of the Judgment of Divorce, on which the Board based its initial benefits determination. [*See id*.].

The Board denied Plaintiff's appeal. Again, the Board based its decision on the Judgment of Divorce:

> This letter is to inform you that your appeal for survivorship coverage was denied pursuant to the Ford-UAW Retirement Plan. . . . The Committee **based their decision pursuant to** the Ford-UAW Retirement Plan, Article IV, Section 7, Survivor Benefits and **the judgement of divorce wherein you consented to cancellation of the survivorship coverage**; therefore, no benefits are due you.

[ECF No. 15-1, PageID.91 (emphasis added)]. Again, the Board did not refer to or rely on the allegedly invalid cancellation form.

Plaintiff filed suit in July 2021. She asserts one count for wrongful denial of benefits under ERISA § 502(a)(1)(b), 42 U.S.C. § 1132(a)(1)(B). The Board answered the Complaint in October 2021. Invoking the narrow exception to the normal rule that the Court "may not admit or consider any evidence not presented to the administrator," *Wilkins v. Baptist Healthcare*

5

*Sys., Inc.*, 150 F.3d 609, 619 (6th Cir. 1998), Plaintiff seeks discovery in support of what she characterizes as a procedural challenge to the claims process applied by the Board when it denied her benefits claim.

## III. DISCUSSION

The Sixth Circuit instructs district courts to follow a two-step process in adjudicating an ERISA benefit action:

> 1. As to the merits of the action, the district court should conduct a de novo review based solely upon the administrative record, and render findings of fact and conclusions of law accordingly. The district court may consider the parties' arguments concerning the proper analysis of the evidentiary materials contained in the administrative record, but may not admit or consider any evidence not presented to the administrator.
>
> 2. The district court may consider evidence outside of the administrative record only if that evidence is offered in support of a procedural challenge to the administrator's decision, such as an alleged lack of due process afforded by the administrator or alleged bias on its part. This also means that any prehearing discovery at the district court level should be limited to such procedural challenges.

*Moore v. Lafayette Life Ins. Co.*, 458 F.3d 416, 430 (6th Cir. 2006) (quoting *Wilkins*, 150 F.3d at 618-19).

"Where a plaintiff has laid a factual foundation to support a claim for lack of due process or bias" at the administrative level, she has the right to limited discovery regarding the procedural challenge. *See Pearce v. Chrysler Grp., LLC Pension Plan*, 615 Fed. Appx. 342, 350 (6th Cir. 2015);

6

*Moore*, 458 F.3d at 430 ("The *Wilkins* panel foresaw occasions in which the procedural process of gathering all pertinent information may have broken down at the administrative level and directed the courts to permit discovery in those cases."). Examples of due process problems which could demonstrate a procedural defect include "lack of notice, inadequate explanation for a denial of benefits, and not giving an opportunity for a participant who had been denied a claim to receive a full and fair review of the denial." *Caudill v. Sears Transition Pay Plan*, 714 F. Supp. 2d 728, 737 (E.D. Mich. 2010) (citing *Moore*, 458 F.3d at 436)). Notably, however, absent *evidence* of bias or lack of due process to support a procedural challenge, the Court's review is limited to the administrative record. *See Pearce*, 615 Fed. Appx. at 350.

Plaintiff's procedural challenge claims a lack of due process premised on an alleged "bait-and-switch." Plaintiff says: (1) the Board initially informed Plaintiff (via Plaintiff's daughter) that she was not entitled to survivor benefits because of the cancellation form; (2) the Board "then informed Plaintiff that her claim was denied because she had 'consented to cancellation of the survivorship coverage'"; and (3) the Board "then changed its explanation of the basis for denying benefits, and denied Plaintiff's appeal, stating that no benefits were due because of 'the

judgment of divorce . . . .'" [ECF No. 15, PageID.82-83]. Plaintiff says: "Without explanation, Ford baited Plaintiff to explaining why the purported cancellation form was not effective, which she did, and then switched its explanation for denying benefits from the cancellation form back to the judgment of divorce." [*Id*., PageID.87]. She claims this violated her due process rights because it prevented her an opportunity to respond to the Board's revised rationale.

    This argument fails. Plaintiff is wrong that the Board revised its rationale in twice denying her claim for benefits. As is evident from the Board's denial letters, the Board's decision was the same in response to her initial claim and her appeal. In both instances, the Board relied on the Judgment of Divorce. Plaintiff had notice and an opportunity to challenge the Board's reason for denial. However, without explanation, Plaintiff failed to address the Judgment of Divorce in her appeal letter. There was no procedural defect.

    Plaintiff argues that the Board's decision that she was not entitled to benefits because of the Judgment of Divorce contradicts its earlier determination that the judgment did not result in the cancellation of survivorship coverage.

8

Plaintiff is wrong. The Ford QDRO team's opinion that "for its purposes" the Judgment of Divorce did not "specifically state" whether Plaintiff gave up the right to surviving spouse benefits, was not the opinion expressed by the Board in denying benefits. Indeed, the Board never concluded that the Judgment of Divorce did not result in a cancellation of survivorship coverage. Instead, it concluded the exact opposite.  Twice.

Plaintiff also argues that even if the Judgment of Divorce had purported to surrender her benefits, that provision is legally null and void because the divorce judgment does not comply with the terms of the Plan. In making this argument, Plaintiff cites to Article IV, Section 7(c), which provides that "An employee may prevent the automatic election . . . by specific written rejection, which . . . includes the written consent of the employee's spouse witnessed by a Plan representative or a notary public executed in whatever form and manner may be prescribed by the Board for this purpose. . . ."  [ECF No. 15, PageID.82].

This argument is unavailing. For starters, it is not clear that this is the part of Article IV, Section 7 the Board refers to in its denial letters. Even if it is, the language of this excerpt is permissive; it does not say this process must be followed to cancel a surviving spouse election. Reading this language in conjunction with the automatic language in the election

9

form, the argument can be made that a QDRO can conclusively change or cancel survivor benefits, but in the absence of a QDRO, the employee's spouse can consent to change or cancellation if the process outlined in Art. IV, Section 7 is followed.

Importantly, however, examining whether the Board's denial complies with the Plan language goes to the merits, a challenge not before the Court. For purposes of this procedural review, what is relevant is that the Board used the same rationale in denying Plaintiff's claim and her appeal. Plaintiff fails to support her lack of due process claim.

This does not necessarily mean the Board's reliance on the Judgment of Divorce to deny Plaintiff's claim for benefits was proper under the terms of the Plan. Plaintiff may have a sound argument on the merits. However, because the merits of this action are not before the Court, the Board did not respond. If the parties are unable to resolve this suit, the Court will address this issue at the merits stage.

## IV. CONCLUSION

The Court **DENIES** Plaintiff's Procedural Challenge to the

Administrative Record and Request for Limited Discovery.  [ECF No. 15].

**IT IS ORDERED**.

                                                      s/ Victoria A. Roberts
                                                      Victoria A. Roberts
                                                      United States District Judge

Dated:  2/4/2022